TASHIMA, Circuit Judge,
concurring in the judgment:
Defendant Juan Mendiola was convicted of a drug trafficking conspiracy and related firearms offenses. For these crimes, primarily because of the way in which federal firearms sentences are structured and the statutory minimum sentences they impose, defendant was sentenced to a 65-year term of imprisonment. At sentencing, the experienced District Judge noted that if he “had greater discretion, [he] would impose a sentence far less than 65 years.” In his considered opinion, “a sentence of 65 years [was not] necessary to address the sentencing goals of [18 U.S.C. § ] 3553.” I agree. A sentence of 65 years’ imprisonment, for these crimes, on this record, is way beyond the pale of an acceptable fair, just, and reasonable sentence in a civilized, humane society. See United States v. Hungerford, 465 F.3d 1113, 1118—22 (9th Cir.2006) (Reinhardt, J., concurring in the judgment). Further, were this sentence subject to review for substantive reasonableness, absent the consecutive and increasingly harsh statutory minima, I doubt that it would survive unscathed. See United States v. Ressam, 679 F.3d 1069, 1086-88 (9th Cir.2012) (en banc).
Nonetheless, I am compelled to concur in the judgment because the sentence and the majority’s affirmance of that sentence are solidly grounded in the statutory mandate to impose consecutive minimum sentences, as interpreted by the Supreme Court and this Circuit. I thus concur in the judgment.